IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY EUGENE RODDY,**
a.k.a. Running Cougar Roddy,

      **Plaintiff,**

v.                                                        Civil Action No. 5:08cv110
                                                                (Judge Stamp)

**TERESA WAID, MAJOR GREGG,
LT. BRIAN LANHAM, MATTHEW HIPES,
BRADLEY WARNER, HUTTONSVILLE
CORRECTIONAL CENTER, JOHN DOE,
JANE DOE, UNIT TEAM OF UNIT B2,
RANDY SHREVE, JIM RUBENSTEIN,
DAVID BALLARD, PAUL LYTTLE,
C.J. RIDER, ROBERT VAMFOSSIEN
AND WILLIAM KINCAID,**

      **Defendants.**

## SUPPLEMENTAL OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On June 26, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 6, 2009, the defendants filed a Motion to Dismiss for the failure to timely effectuate service of process.

On February 24, 2009, the undersigned conducted a preliminary review of the file and entered an Opinion/Report and Recommendation which recommends that the defendants motion to dismiss be denied, but that the plaintiff's complaint be dismissed on other grounds pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, the Opinion/Report and Recommendation failed to address defendants Lanham, Huttonsville Correctional Center, Unit Team of Unit B2 and Randy Shreve. The purpose of this Order is to address the viability of the plaintiff's claims against those defendants.

Thus, for purposes of this Order, the undersigned will not recount the contentions of the parties. The contentions of the parties are outlined in the Opinion/Report and Recommendation of February 24, 2009.

## II. Analysis

### A. Defendants Huttonsville Correctional Center and Unit Team of Unit B2

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a *person* acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982). Here, the plaintiff cannot establish that defendants Huttonsville Correctional Center or Unit Team of Unit B2 are "persons" for purposes of § 1983. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable

to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, because the Huttonsville Correctional Center and Unit Team of Unit B2 are not "persons" for purposes of § 1983, the plaintiff fails to state a claim against those defendants and they should be dismissed from this action.

**B. Defendant Lanham**

In the complaint, the plaintiff makes no specific allegations against this defendant. However, attached to the plaintiff's complaint are copies of grievances the plaintiff filed with defendant Lanham, which complained of the conditions of the plaintiff's confinement and/or the actions of the other defendants. Complaint at Ex. 4. Defendant Lanham denied those requests. *Id.*

It appears that the plaintiff was unhappy with the responses he received from defendant Lanham and appealed those decisions. *Id.* at Ex. 5. Those requests were denied. *Id.*

In yet another grievance, the plaintiff complains that defendant Lanham had defendants Hipes and Warner retaliate against him for filing grievances. *Id.* at Ex. 8. That grievance was denied. *Id.* That is the extent of the plaintiff's claims against defendant Lanham.

    1. Response to Grievances

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability under §1983, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal

3

involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

As to this claim, the only personal involvement the plaintiff alleges against defendant Lanham is his denial of the plaintiff's grievances. That type of conduct, however, is not the type of personal involvement required to state a claim under § 1983. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003). Accordingly, the plaintiff cannot state a claim against defendant Lanham merely because defendant Lanham denied his administrative grievances.

2. Retaliation

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, "*in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." *Id.* Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, "a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights. " American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

Here, the plaintiff asserts that defendant Lanham directed defendants Hipes and Warner to retaliate against him for the filing of administrative grievances. However, inmates do not have a

4

constitutional right to participate in grievance procedures. Adams, 40 F. 3d at 75. Thus, the plaintiff can state no retaliation claim against defendant Lanham as it relates to the filing of grievances.

**C.     Defendant Shreve**

On July 1, 2008, the plaintiff filed a supplement to the complaint which added defendants Unit Team of Unit B2 and Randy Shreve ("Shreve") as defendants in this action. Dckt. 7. Defendant Unit Team of Unit B2 has already been recommended for dismissal.

As to defendant Shreve, the plaintiff asserts that Shreve is a Unit Manager at Huttonsville Correctional Center and that Shreve committed a hate crime against him. *Id.* at 1. Specifically, the plaintiff asserts that on June 29, 2008, Shreve refused to give him a copy of an incident report written by Angie Booth, related to an investigation of the conduct of defendant Hipes. *Id.* at Ex. 12. Moreover, the plaintiff asserts that Shreve told him that Hipes was not the one who put the note that said "Chief um Baby Rapier (sic)," in his cell. *Id.* Instead, Shreve allegedly told the plaintiff that other inmates put the note in his cell. *Id.* When the plaintiff asked Shreve to identify those inmates, Shreve refused. *Id.* The plaintiff asserts that this is mental cruelty and that Shreve's failure to divulge the name of the perpetrators constitutes a hate crime. *Id.* at 2.

Clearly, the plaintiff has failed to establish that Shreve violated any of the plaintiff's constitutional rights or committed a hate crime against him. The plaintiff merely alleges that Shreve denied him access to an internal institutional report and the name of the inmate or inmates who may have put a note in the plaintiff's cell. The plaintiff has no constitutional right to these documents, nor is it likely appropriate for the plaintiff to have this information. The incident report involving defendant Hipes appears to be an internal investigation of a staff member. Moreover, the name of the inmate or inmates who allegedly put the note in the plaintiff's cell is also likely to be a part of

an internal institutional investigation. The undersigned fails to see how refusing to divulge this information to the plaintiff constitutes, or even perpetuates, a hate crime. Accordingly, the plaintiff has failed to state a claim against defendant Shreve and he should be dismissed from this action.

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the plaintiff's claims against defendants Huttonsville Correctional Center, Unit Team of Unit B2, Lt. Brian Lanham and Randy Shreve be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

Dated: April 24, 2009.

*John S. Kaull*
JOHN S. KAULL

UNITED STATES MAGISTRATE JUDGE