IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BOBBY EUGENE RODDY,
also known as Running Cougar,

    Plaintiff,

v.                                                   Civil Action No. 5:08CV110
                                                                (STAMP)

TERESA WAID, MAJOR GREGG,
LT. BRIAN LANHAM, MATTHEW HIPES,
BRADLEY WARNER, HUTTONSVILLE
CORRECTIONAL CENTER, JOHN DOE,
JANE DOE, UNIT TEAM OF UNIT B2,
RANDY SHREVE, JIM RUBENSTEIN,
DAVID BALLARD, PAUL LYTTLE,
C.J. RIDER, ROBERT VAMFOSSIEN
and WILLIAM KINCAID,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING FEBRUARY 24, 2009 REPORT
AND RECOMMENDATION OF THE MAGISTRATE JUDGE,
ADOPTING AND AFFIRMING SUPPLEMENTAL REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING AS MOOT MOTION FOR ADDITIONAL EXTENSION OF
TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND
DENYING AS MOOT LETTER MOTION
TO DISMISS CASE AND REFILE**

I.  Procedural History

The pro se[1] plaintiff, Bobby Eugene Roddy, a/k/a "Running Cougar," filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was subjected to several civil rights violations while incarcerated. The defendants filed a motion to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

dismiss to which the plaintiff filed a reply, and the defendants responded.

The case was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  On February 24, 2009, the magistrate judge entered a report and recommendation that the defendants' motion to dismiss be denied, but that the plaintiff's complaint be dismissed for failure to state a claim.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The plaintiff filed a motion for additional extension of time to file objections to the magistrate judge's report and recommendation to which the defendants responded in opposition.  Before this Court could enter an order, however, the plaintiff filed a document entitled "Plaintiff Respones [sic] to Judge, Stamp Opinion/Report and Recommendation," which this Court construes as objections to the magistrate judge's report and recommendation.  The defendants, again, filed a response in opposition.  Also, the plaintiff filed a letter motion to dismiss his case, requesting that he be allowed to "fix it and refile it" back in this Court.[2]

---

[2]Because the plaintiff filed objections to the magistrate judge's report and recommendation, this Court denies as moot both the plaintiff's motion for additional extension of time to file

Prior to this Court entering a memorandum opinion and order on the magistrate judge's February 24, 2009 report and recommendation, Magistrate Judge Kaull filed a supplemental report and recommendation addressing the viability of the plaintiff's claims against certain defendants that the original report and recommendation failed to address. In that report and recommendation, the magistrate judge recommended that the plaintiff's claims against defendants Huttonsville Correctional Center, Unit Team of Unit B2, Lt. Brian Lanham, and Randy Shreve also be dismissed for failure to state a claim. The magistrate judge again reminded the parties that they may file written objections to his supplemental report and recommendation within ten days after being served with a copy of the recommendation. Neither party filed objections.

For the reasons set forth below, this Court affirms and adopts both the magistrate judge's February 24, 2009 report and recommendation, as well as his supplemental report and recommendation.

## II. Facts

The plaintiff's complaint, in its entirety, states the following:

> The Defendant's (sic) are violating my Federal and State Constitutional Rights and also commiting (sic) a 'Racist Hate Crime against me and my Family because of are (sic) family Cherokee Indian Bloodline' and that are also 'commiting (sic) a Hate Crime because of my sentence and

---

objections, as well as his letter motion to dismiss.

> the Defendant's (sic) are also inflicting (sic) Mental Crulety (sic) on me and my family to (sic) by retaliating against me everyday' [over] the inmate grievance's (sic) I filed over my bad leg they are also 'commiting (sic) cruel and unusual punishment to me,' and 'commiting (sic) mental cruelty by retaliation (sic) against me over the Inmate Grievance Form's (sic) that I filed . . . , so please see all of these attach exhibit's (sic) for these 'statement of claim's' (sic) against the Defendant's (sic) in this case!!

As relief, the plaintiff is requesting damages in the amount of $250,000.00 per defendant, that the defendants be placed on supervised probation, that criminal charges be filed against each defendant, that each defendant attend mental health classes, and that the defendants be responsible for all court costs and attorney's fees.

In addition to his complaint, the plaintiff provides a "Statement of Facts for Racist Hate Crime," in which he asserts that defendant Hipes left a note in the plaintiff's cell that read "Chief um Baby Rapier (sic)." According to the plaintiff, a violation report was filed for this incident, and soon after, "other" officers retaliated against him. When the plaintiff filed a grievance with defendant Gregg concerning the retaliation, the plaintiff asserts that defendant Gregg verbally threatened him and told the plaintiff not to file any more grievances. The plaintiff also alleges that he was told by another officer that he was about to have an "accident."

The plaintiff attached to his complaint copies of numerous institutional grievances that he filed against the named defendants and the responses thereto. In the first grievance, the plaintiff

alleged that defendant Hipes and defendant Warner retaliated against him for the filing of the violation report. This grievance was denied.

In the second grievance, the plaintiff contended that after his knee became dislocated and had to be put back into place in the chow hall, defendant Lanham made the plaintiff wait to go to medical. The plaintiff asserted that this was cruel and unusual punishment. This grievance was denied.

In his third grievance, the plaintiff complained for a second time concerning defendant Lanham's mistreatment of his knee dislocation. Again, this grievance was denied.

The plaintiff complained, in his fourth grievance, that defendants Hipes and Warner called him to the control desk three times in a span of five minutes, which constituted harassment and retaliation for the plaintiff's filing of grievances. This grievance was denied.

In his fifth grievance, the plaintiff complained that on May 24, 25, and 26, 2008, he observed defendant Hipes bringing contraband into the facility. Defendant Hipes responded that he did not work on May 24 or 25, 2008, and that he did not bring contraband into the facility on May 26, 2008. After an investigation, this grievance was denied.

The plaintiff complained, in his sixth grievance, that defendant Lanham ordered defendants Hipes and Warner to retaliate

5

against the plaintiff for filing grievances. This grievance was denied.

In his seventh grievance, the plaintiff claimed that defendant Warner was reading a "dirty magazine" instead of fulfilling his duties and obligations as a correction officer. This grievance was denied.

Finally, in his eighth grievance, the plaintiff asserted that defendants Hipes and Warner harassed and retaliated against him for filing grievances. The plaintiff's grievance was denied.

Following the filing of his complaint, the plaintiff also filed a statement of facts in which he alleges that since he instituted this action, he has been the subject of cell searching, has had certain property taken, and has had his prayer pipe handled by correctional staff. The plaintiff lists several other complaints: that he was transferred to the Huttonsville Correctional Center after filing grievances at St. Marys Correctional Center concerning his religious rights; that he has been the focus of disciplinary infractions; that he has been transferred again to the Mount Olive Correctional Complex; that in March 2008, the West Virginia Division of Corrections stopped all inmates from smoking in their cells or complex, preventing the plaintiff from practicing his religion; that he has been denied other items needed to appropriately practice his religion; and that because the West Virginia Division of Corrections receives federal

6

funding, it should comply with the requirements of the Religious Land Use and Institutionalized Persons Act.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections to the magistrate judge's February 24, 2009 report and recommendation, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made. The plaintiff did not file objections to the magistrate judge's supplemental report and recommendation entered on April 24, 2009, and thus, this Court reviews the report for clear error.[3]

### IV. Discussion

A. Defendants' Motion to Dismiss[4]

In their motion to dismiss, the defendants assert that dismissal of this case without prejudice is warranted because the

---

[3]This Court will delineate throughout this memorandum opinion and order to which claims the plaintiff filed objections, and thus, will be reviewed de novo.

[4]This Court reviews this decision de novo.

plaintiff failed to timely effectuate service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. In his report and recommendation, the magistrate judge held that because the plaintiff was granted permission to proceed in forma pauperis, the Court was responsible for effecting service of process in this case. See Lindsey v. United States R.R. Retirement Bd., 101 F.3d 444 (5th Cir. 1996) (finding that, once requested, a plaintiff proceeding in forma pauperis is entitled to court appointed service by the United States Marshals Service). Thus, based upon a de novo review, this Court agrees with the magistrate judge that any failure to timely effect service of process in this case is through no fault of the plaintiff, and the plaintiff's complaint cannot be dismissed for this reason.

B.   Defendants Ballard, Lyttle, Rider, Vamfossien, and Kincaid[5]

These defendants are employees of the Mount Olive Correctional Complex, located in Fayette County, West Virginia. Fayette County, West Virginia, in turn, is within the jurisdiction of the United States District Court for the Southern District of West Virginia. The events giving rise to any cause of action by these defendants, therefore, could not have occurred within the jurisdiction of this Court. Accordingly, the magistrate judge correctly recommended that the claims against defendants Ballard, Lyttle, Rider, Vamfossien, and Kincaid be dismissed without prejudice as not

---

[5]This Court reviews this claim de novo.

properly before this Court. See 28 U.S.C. §§ 1404(a) and 1406(a).

C. Defendants Waid and Rubenstein[6]

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Flemin Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is especially true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

The magistrate judge, in his report and recommendation, recommended that defendants Waid and Rubenstein be dismissed with prejudice. This Court agrees after conducting a de novo review. Foremost, as noted by the magistrate judge, the plaintiff names defendant Waid in her official capacity as the Warden of the Huttonsville Correctional Center and defendant Rubenstein in his official capacity as the Director of the West Virginia Division of Corrections. An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when

---

[6]This Court reviews this claim de novo.

"execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. In this case, the plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights.

To the extent that the plaintiff alleges that defendants Waid and Rubenstein are liable under supervisor liability, this claim must also fail. Supervisory defendants may be held liable under § 1983 if the following is met: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.3d 848, 854 (4th Cir. 1990). The plaintiff must show that a supervisor's inaction amounted to deliberate indifference or tacit authorization of the offense practiced. Id. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's needs. Id. In medical care claims, supervisors can rely on the judgment of the medical staff to determine the course of treatment. Id. Supervisor liability is not established in this case because the plaintiff has failed to allege, much less establish, that defendants Waid and Rubenstein tacitly authorized or were indifferent to an alleged violation of

constitutional rights. Id. Accordingly, the plaintiff's claims against these defendants must be dismissed.

D. Defendant Gregg[7]

In his complaint, the plaintiff claims that defendant Gregg denied his administrative grievances and threatened him. These claims lack merit. An individual's involvement in the coordination or denial of an inmate's administrative remedy complaint is not the type of personal involvement required to state a claim under § 1983. See Paige v. Kupec, 2003 WL 23274357 (D. Md. Mar. 31, 2003). Moreover, "[v]erbal harassment or abuse of the sort alleged in this case is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). See also Pierce v. King, 918 F. Supp. 932, 943 (E.D.N.C. 1996), cert. granted and vacated on other grounds, 525 U.S. 802 (1998) ("Mere words or threats do not amount to an actionable assault under 42 U.S.C. § 1983."). Thus, the plaintiff's claims against defendant Gregg must be dismissed with prejudice.

E. Defendants Hipes and Warner[8]

In his complaint, the plaintiff asserts that defendants Hipes and Warner harassed and retaliated against him for the filing of grievances. In order to sustain a retaliation claim, a prisoner must allege "either that the retaliatory act was taken in response

---

[7]This Court reviews this claim de novo.

[8]This Court reviews this claim de novo.

to the exercise of a constitutionally protected right or that the act violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Further, "in forma pauperis plaintiffs who allege that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal" to survive dismissal for frivolousness pursuant to 28 U.S.C. § 1915(e). Id. Permitting baseless allegations to move forward would open up the prospect of endless claims of retaliation on the part of inmates and would embroil the courts in every disciplinary act that occurs in state penal institutions. Id.

In this case, the plaintiff has made naked and baseless claims of reprisal. The plaintiff's complaint fails to contain any factual allegations tending to support his bare assertion that defendants Hipes and Warner retaliated against him. Furthermore, to the extent that the plaintiff asserts a retaliation claim regarding the filing of his grievances, "the Constitution creates no entitlement to grievance procedures . . . ." Adams, 40 F.3d at 75. Thus, after a de novo review, this Court agrees with the magistrate judge's report and recommendation that the plaintiff's harassment and retaliation claims against defendants Hipes and Warner should be dismissed with prejudice.

F.  Defendants John and Jane Doe[9]

Although the plaintiff names John and Jane Doe as defendants in this action, he fails to make any allegations against any

---

[9]This Court reviews this claim de novo.

unknown named persons in either the complaint, attached exhibits, or subsequent filed pleadings. Thus, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, discussed above, the plaintiff's claims against these defendants are insufficiently pleaded and must be dismissed.

G. <u>Defendants Huttonsville Correctional Center and Unit Team of Unit B2</u>[10]

This Court finds no clear error in the magistrate judge's recommendation that the plaintiff's complaint as to Huttonsville Correctional Center and Unit Team of Unit B2 be dismissed with prejudice. Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. These defendants do not constitute "person[s]" for the purposes of 42 U.S.C. § 1983. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under § 1983"); <u>see also</u> <u>Roach v. Burch</u>, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); <u>Preval v. Reno</u>, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that defendants Huttonsville

---

[10]This Court reviews this claim for clear error.

Correctional Center and Unit Team of Unit B2 are not proper parties to this action.

H.   Defendant Lanham[11]

In the complaint, the plaintiff makes no specific allegations against defendant Lanham.  Rather, attached to the plaintiff's complaint are copies of grievances that the plaintiff filed with defendant Lanham to which defendant Lanham denied.  Also, the plaintiff complains in a separate grievance that defendant Lanham ordered defendants Hipes and Warner to retaliate against the plaintiff for filing grievances.

As stated above, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock, 275 F.3d at 402.  Thus, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights to establish liability under § 1983.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  The only personal involvement that the plaintiff alleges against defendant Lanham is his denial of the plaintiff's grievances.  This type of conduct, however, is not the type of personal involvement required to state a claim under § 1983.  See Paige, 2003 WL 23274357 (D. Md. Mar. 31, 2003).

Furthermore, similar to his claims against defendants Hipes and Warner, the plaintiff has made naked and baseless claims of retaliation, insufficient to show that defendant Lanham retaliated against him.  Here, the plaintiff asserts that defendant Lanham

---

[11]This Court reviews this claim for clear error.

directed defendant Hipes and Warner to retaliate against him for the filing of administrative remedies. However, "the Constitution creates no entitlement to grievance procedures . . . ." Adams, 40 F.3d at 75. Thus, this Court finds no clear error in the magistrate judge's recommendation to dismiss the plaintiff's claim against defendant Lanham for failure to state a claim.

I. Defendant Shreve[12]

The plaintiff asserts that defendant Shreve is a Unit Manager at Huttonsville Correctional Center and that Shreve committed a hate crime against him. Specifically, the plaintiff asserts that on June 29, 2008, Shreve refused to give him a copy of an incident report written by Angie Booth, related to an investigation of the conduct of defendant Hipes. Also, the plaintiff alleges that defendant Shreve would not identify the inmates who left a note that said "Chief um Baby Rapier (sic)" in his cell. According to the plaintiff, defendant Shreve's failure to divulge the name of the perpetrators is mental cruelty and constitutes a hate crime.

In his report and recommendation, the magistrate judge found that the plaintiff failed to establish that defendant Shreve violated any of the plaintiff's constitutional rights or committed a hate crime against him. Rather, the plaintiff merely alleges that defendant Shreve denied him access to an internal institutional report, as well as the name of the inmate or inmates who may have put a note in the plaintiff's cell. Indeed, the

---

[12]This claim is reviewed for clear error.

magistrate judge found that the plaintiff has no constitutional right to these documents, and that such actions do not constitute, or even perpetuate, a hate crime. Thus, the magistrate judge recommended that the plaintiff's claim against defendant Shreve be dismissed for failure to state a claim. This recommendation is not clearly erroneous, and defendant Shreve should be dismissed for the reasons stated by the magistrate judge in his report and recommendation.

J.  Plaintiff's Religious Claims[13]

In his statement of facts, the plaintiff alleges several violations of his right to freely practice his religion. The magistrate judge took judicial notice of the plaintiff's case number 3:08-cv-61, currently pending before this Court, in which the plaintiff makes the same religious allegations that he raises in the above-styled civil action. That case is now before the district judge on a report and recommendation by the magistrate judge recommending that the West Virginia Division of Corrections be made to answer the plaintiff's religious discrimination complaints. Accordingly, finding that the plaintiff's statement of facts will be addressed in case number 3:08-cv-61, the magistrate judge recommended that the plaintiff's religious claims be dismissed from this case. This Court, based upon a de novo review, agrees with the magistrate judge that these claims should be dismissed.

---

[13]This Court reviews this claim de novo.

V. Conclusion

Based upon a de novo review, this Court finds that the February 24, 2009 report and recommendation of the magistrate judge, as well as the magistrate judge's supplemental report and recommendation, should both be, and are hereby AFFIRMED and ADOPTED in their entireties. Accordingly, for the reasons set forth above, the defendants' motion to dismiss is DENIED, and the plaintiff's § 1983 complaint is DISMISSED WITH PREJUDICE. Furthermore, the plaintiff's motion for additional extension of time to file objections to the magistrate judge's report and recommendation and his letter motion to dismiss this case are both DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 26, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE